**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

**CRYSTAL WATSON,**

       **Petitioner,**

**v.**                             **Case No. 1:19-cv-00427**

**M. E. REHERMAN, Warden
Alderson FPC,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's request for dismissal contained in his Response to Order to Show Cause. (ECF No. 8). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned respectfully **RECOMMENDS** that Respondent's request for dismissal, (ECF No. 8), be **GRANTED;** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** and that this action be **DISMISSED** and removed from the docket of the court.

**I.**   **Relevant History**

On July 1, 2015, Petitioner Crystal Watson ("Watson") was indicted in the

United States District Court for the District of New Hampshire (the "Sentencing Court") on one count of conspiracy to possess with intent to distribute heroin; three counts of distributing heroin; one count of possessing heroin with the intent to distribute; and one count of possessing a firearm in furtherance of a drug trafficking crime. *United States v. Watson,* Case No. 1:15-cr-00099-JD (D.N.H. Jul. 1, 2015), at ECF No. 13. On February 8, 2016, Watson entered into a written agreement with the United States, which stated that Watson would plead guilty to all counts of the indictment in exchange for certain sentencing stipulations. *Id.,* at ECF No. 24. Consistent with this agreement, as well as a superseding agreement, Watson entered a guilty plea on February 25, 2016. *Id.,* at ECF No. 26. Watson was sentenced on December 15, 2017 to a total term of imprisonment of 80 months, followed by five years of supervised release. *Id.*, at ECF No. 54. As part of the judgment order, the Sentencing Court recommended to the Federal Bureau of Prisons ("BOP") that Watson participate in an intensive drug education and treatment program. *Id.*

On July 30, 2018, Watson submitted a request to the Sentencing Court for a reduction of her sentence, arguing that she was not actually guilty of possessing a firearm in furtherance of a drug trafficking crime, because the firearms found at her home did not belong to her and were not used in her drug trafficking activities. *United States v. Watson,* Case No. 1:15-cr-00099-JD (D.N.H. Jul. 30, 2018), at ECF No. 55. Watson complained that the firearms conviction prevented her from participating in certain rehabilitation opportunities offered by the BOP. She also asked to be considered for halfway house placement. *Id.* On August 2, 2018, the Sentencing Court denied the motion on the ground that "the relief requested is a matter that rests within the sound discretion of the Bureau of Prisons and not with the court." *Id.*.

2

On September 4, 2018, Watson filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 in the Sentencing Court. *Watson v. United States,* Case No. 1:18-cv-00816-JD (D.N.H. Sept. 4, 2018), at ECF No. 1. Watson argued that, based upon the decision of the Supreme Court of the United States ("Supreme Court") in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), her firearms conviction was no longer valid. She asserted that the Sentencing Court based her conviction on the residual clause of the definition of "crime of violence" contained in the Armed Career Criminal Act, and the residual clause was determined to be unconstitutionally vague. *Id*. She asked the Sentencing Court to vacate her § 924(c) conviction and sentence. *Id.,* at ECF No. 1-1.

On November 26, 2018, the Sentencing Court entered an Order denying and dismissing Watson's § 2255 motion. *Watson v. United States,* Case No. 1:18-cv-00816-JD (D.N.H. Sept. 4, 2018), at ECF No. 2. The Sentencing Court pointed out that the offense giving rise to Watson's conviction under § 924(c) was a drug trafficking crime, not a crime of violence. Accordingly, the decision in *Dimaya* was not applicable to Watson's conviction or sentence. *Id*. Watson appealed the Sentencing Court's dismissal to the United States Court of Appeals for the First Circuit ("First Circuit"), which denied the appeal on August 8, 2019. *Id.,* at ECF No. 16. The First Circuit reiterated that Watson's firearms conviction was not based on a crime of violence; rather, it was based on a drug trafficking crime. Therefore, none of the cases addressing the residual clause were relevant to her conviction or sentence. *Id.*

While her appeal was pending in the First Circuit, Watson initiated habeas proceedings in this Court pursuant to 28 U.S.C. § 2241. (ECF No. 1). In her petition, Watson seeks one year of credit against her sentence for completing a Residential

Drug Abuse Program ("RDAP") while incarcerated. (*Id.*). Watson indicates that the BOP has refused her any credit for the program on the ground that her firearms conviction constitutes a "crime of violence," and the BOP's policy precludes giving credit to inmates with a history of convictions for violent crimes. Watson disagrees with the BOP's characterization of her firearms conviction as a crime of violence, pointing to the Sentencing Court's Order, dismissing her § 2255 motion, in which the Sentencing Court stated that Watson's § 924(c) conviction was not based on her having committed a crime of violence. (ECF No. 1 at 6; ECF No. 2 at 1).

On August 6, 2019, Respondent submitted a memorandum in opposition to Watson's petition and requested dismissal of the case. (ECF No. 8). Respondent contends that the BOP has the discretion to determine eligibility for early release pursuant to 18 U.S.C. § 3621(e), and in this case, the BOP has correctly denied Watson's request for RDAP credit. Respondent explains that the BOP has established rules and regulations to help it decide which inmates should receive early release benefits and, in those rules and regulations, the BOP eliminated from consideration those inmates convicted of an offense that "involved the carrying, possession, or use of a firearm or other dangerous weapon." *Id.* at 4 (citing 28 C.F.R. § 550.55(b)(5)(ii)). Respondent relies on *Lopez v. Davis,* 531 U.S. 230 (2001) in support of its request for dismissal.

Watson replied to Respondent's memorandum, stating that she is entitled to a RDAP credit against her sentence, because she met both preconditions for credit set forth by the BOP. (ECF No. 10). Watson agrees that the BOP has discretion in deciding when to credit an inmate's sentence, but argues that the BOP must provide a rationale for excluding an inmate from the RDAP credit. She claims that the BOP failed to

provide her with any rationale for refusing her a sentence reduction. Watson further contends that Respondent's program statement related to RDAP credit conflicts with the statutory construction of § 3621(e) given by the courts. (*Id.*). She asserts that the judicial construction of a statute takes precedence over the BOP's interpretation.

## II.   <u>Standard of Review</u>

Respondent does not identify the standard under which it seeks dismissal of Smith's petition. However, as the motion to dismiss was filed concurrently with the Response to Order to Show Cause, the motion to dismiss should be treated as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, whether the Court construes the motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the distinction makes no practical difference as the same standard of review applies to either motion, and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. cv PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for

judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III.   <u>Discussion</u>

Watson challenges the decision of the BOP to deny her sentence credit for completion of RDAP, arguing that the BOP has refused to give her credit based upon a statute that has been found to be void for vagueness. In addition, she claims that the BOP improperly failed to provide her with its rationale for refusing to credit her sentence, although somewhat inconsistently, she also states that her request for a sentence reduction was denied because the BOP has incorrectly concluded that her firearms conviction was a "crime of violence." Watson is incorrect on all counts.

Looking first at Watson's allegation that her firearms conviction was based on a statute that is now "void for vagueness," the undersigned **FINDS** no merit to this claim.  Watson was convicted of a firearms offense pursuant to 18 U.S.C. § 924(c). Section 924(c) mandates an enhanced sentence of imprisonment for "any person who, during and in relation to any crime of violence **or** drug trafficking crime … uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A) (emphasis added). Accordingly, as the plain language of the statute makes clear, a person may be convicted under § 924(c) if he or she has or uses

6

a firearm to further **one** of two different types of crime: a drug trafficking crime, or a crime of violence. In order to eliminate any confusion as to what crimes qualified under § 924(c), Congress defined the terms "drug trafficking crime" and "crime of violence" in § 924(c)(2) and(3).

In a series of decisions—including, *Johnson v. United States,* 135 S. Ct. 2551 (2015), *Sessions v. Dimaya, supra.*, and *United States v. Davis,* 139 S. Ct. 2319 (2019)—the Supreme Court of the United States ("Supreme Court") examined the definition of "crime of violence" and similar terms used in sentence-enhancing criminal statutes. In particular, the Supreme Court considered the validity of "residual clauses" in those definitions. *Id.* Residual clauses were generally found at the end of the definitions and added nebulous parameters as to the types of crimes that could be considered violent. In the series of cases, the Supreme Court determined that residual clauses were void, because they were too vague; thus, violating the defendants' constitutional right to due process of law. *See Davis,* 139 S. Ct. at 2326-27. However, of particular importance in Watson's case, the Supreme Court did not strike down the entirety of the statutes containing residual clauses, nor did the Supreme Court rule in a way that affected the definition of "drug trafficking crime" contained in § 924(c)(2).

As the Sentencing Court and the First Circuit explained to Watson, her firearms offense under § 924(c) was based on her *drug trafficking activity*, not on a crime of violence. As that provision of § 924(c) is not void-for-vagueness, Watson still stands convicted of possessing a firearm in furtherance of a drug trafficking crime in violation of § 924(c). That fact has not changed.

Looking next at the reason the BOP denied Watson's request for a sentence

reduction, the undersigned **FINDS** that the BOP explicitly provided Watson with a rationale for its denial. Contrary to Watson's representation, the BOP explained to Watson on three separate occasions that her case was reviewed by BOP staff, who noted her current conviction for possessing a firearm in furtherance of a drug trafficking offense. (ECF No. 2-1 at 2, 5, 8). The BOP indicated that while Watson's firearms offense was "***not*** classified as a crime of violence, it [did] preclude early release at the Director's discretion." (ECF No. 2-1 at 5) (emphasis added). The BOP referred Watson to 28 C.F.R. § 550.55, and Policy Statements 5162.05 and 5331.02, indicating that because her conviction involved "the carrying, possession, or use of a firearm ... and by its nature or conduct, presents as a serious potential risk of physical force against the person or property of another," Watson was categorically ineligible for early release. (ECF No. 2-1 at 2, 5, 8). The BOP's rationale is supported by statute.

Under 18 U.S.C. § 3621, the BOP has the discretion to reduce "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing [RDAP] ... but such reduction may be not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B); *also Lopez,* 531 U.S. at 239-40. To assist in the exercise of its discretion, the BOP issued criteria for establishing which categories of inmates were ineligible for a reduction under § 3621. *See* 28 C.F.R. § 550.55. In relevant part, these criteria automatically excluded from early release inmates convicted of an "offense that involved the carrying, possession, or use of a firearm." 28 C.F.R. § 550.55 (b)(5)(ii). As a result, Watson, who was convicted of possessing a firearm in relation to her drug trafficking activities was, in the BOP's discretion, categorically ineligible for a RDAP reduction. Therefore, the BOP's decision to deny Watson a sentence reduction was based on specific criteria

promulgated by the BOP and not on the designation of her firearms offense as a "crime of violence."

To the extent that Watson seeks judicial review of the propriety of the BOP's decision to deny her credit, this Court lacks jurisdiction to provide such relief, as the disputed decision fell well within the discretion afforded the BOP by statute and is not subject to judicial review. *See* 18 U.S.C. § 3625 (stating that judicial review under the Administrative Procedures Act does not apply to determinations or decisions made under § 3621-§ 3624); *also Higginbotham v. United States*, No. 1:09CR117, 2013 WL 2154810, at *2 (N.D.W. Va. May 17, 2013) ("Congress entrusted the decision to reduce a prisoner's sentence for RDAP completion solely to the discretion of the BOP. Indeed, Congress has specifically excluded these subsections from judicial review under the Administrative Procedures Act ("APA"). Accordingly, any substantive decision by the BOP regarding petitioner's eligibility to receive a one-year sentence reduction is not reviewable by this Court.") (citations and markings omitted); *Fagan v. Andrew,* No. 5:18-HC-2280-FL, 2020 WL 1528519, at *3 (E.D.N.C. Mar. 30, 2020) ("To the extent petitioner is challenging the BOP's decision denying a sentence reduction in this particular case, the claim is without merit. The court lacks jurisdiction under the Administrative Procedures Act to review the BOP's discretionary decisions denying RDAP sentence reduction."); *Belcher v. Stewart,* No. CCB-18-3471, 2020 WL 512731, at *3 (D. Md. Jan. 30, 2020) (holding that the court did not have jurisdiction to review the BOP's determination to deny an RDAP-related early release under § 3621.).

The only exception to this rule is when "there is clear evidence of unconstitutional conduct or evidence that the agency acted outside of the scope of its

authority." *Bradley v. Fisher*, No. 5:11-HC-2194-FL, 2012 WL 2590472, at *2 (E.D.N.C. July 3, 2012) (citing *Webster v. Doe,* 486 U.S. 592, 603–604, (1988)). However, courts have previously examined the BOP's right to set ineligibility criteria and have found such criteria to be constitutional and to fall within the scope of authority granted to the BOP. *See Wade v. Baltazar,* No. 3:17-2327, 2019 WL 4386741, at *5 (M.D. Pa. Sept. 12, 2019) (explaining that the BOP's decision to exclude from RDAP's early release provision those offenders with a conviction for use or possession of a firearm was not arbitrary, capricious, or an abuse of discretion; did not violate federal or constitutional law; and did not exceed the authority given to the BOP by statute; therefore, the court lacked jurisdiction to review a claim based upon that decision); *Carter v. Stewart,* No. GJH-19-1031 JW, 2019 WL 2330148, ay *3 (D. Md. May 29, 2020) (noting that no court outside of the Ninth Circuit has deemed the BOP's regulations to be violative of the APA, and at least one court in this circuit has expressly rejected the Ninth Circuit's view) (citing *Minotti v. Whitehead,* 584 F.Supp.2d 750 (D. Md. 2008)); *Savage v. Wilson,* No.: 2:13CV578, 2014 WL 1902709, at * 4 (E.D. Va. May 8, 2014) (holding that the statement of purpose accompanying reissued 28 C.F.R. § 550.55 fulfilled the BOP's obligation to provide a rational explanation for its eligibility criteria and, as such, the BOP acted within its regulatory authority); *Elledge v. Berkebile*, No. CIV.A. 5:10-0388, 2011 WL 1261195, at *4 (S.D.W. Va. Feb. 16, 2011), *report and recommendation adopted,* No. 5:10-CV-00388, 2011 WL 1255538 (S.D.W. Va. Apr. 1, 2011) (finding that the BOP's interpretation of § 3621 and its establishment of eligibility criteria was not unconstitutional or an abuse of discretion) (quoting *Lopez,* 531 U.S. 230).

Given that Watson has not cited to any case that supports her contention that

the BOP improperly denied her RDAP credit, that such a decision is reviewable by this Court, or that the criteria used by the BOP in denying Watson's request for a sentence reduction is unconstitutional or outside the scope of the BOP's authority, the undersigned **FINDS** that her habeas petition is without merit.

**IV.    Proposal and Recommendations**

The undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Respondent's request for dismissal, (ECF No. 8), be **GRANTED;** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** and that this action be **DISMISSED** and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Judge and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*,

474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** May 22, 2020

Cheryl A. Eifert
United States Magistrate Judge