IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

CRYSTAL WATSON,

    Movant,

v.                                     Civil Action No. 1:19-00427

M. E. REHERMAN, Warden
Alderson FPC,

    Respondent.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Proposed Findings and Recommendation ("PF&R") on May 22, 2020, in which she recommended that the court grant respondent's request for dismissal, deny petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and dismiss this action and remove it from the docket of the court. (ECF No. 13.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days in which to file objections to Magistrate Judge Eifert's Proposed Findings and Recommendation. The failure of any party to file such objections within the time allowed constitutes a

waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Neither party filed any objections to the PF&R within the required time period.[1] Accordingly, the court adopts the Findings and Recommendation of Magistrate Judge Eifert as follows:

1. Respondent's request for dismissal (ECF No. 8) is **GRANTED**;

2. Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **DENIED**; and

3. This action is **DISMISSED,** and the Clerk is directed to remove it from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v.

---

[1] On January 6, 2021, respondent filed a motion to dismiss on the grounds that this case is moot now that petitioner has been released from custody. (ECF No. 14.) The court will not reach the merits of that motion and will **DENY** it as moot because, by this order, it is dismissing this case pursuant to the unobjected-to PF&R.

McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 7th day of September, 2021.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge